UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE DOMINGUEZ VALDEZ,<br><br>    Petitioner,<br><br>    v.<br><br>W.L. MUNIZ,<br><br>    Respondent. | Case No. 1:17-cv-00304-AWI-MJS (HC)<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATION**<br><br>**(ECF NO. 9)**<br><br>**ORDER DENYING AS MOOT MOTION TO AMEND**<br><br>**(ECF NO. 11)**<br><br>**ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF NOS. 2, 12)**<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT PETITIONER'S MOTIONS TO STAY**<br><br>**(ECF NOS. 3, 13)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. He initiated this action on March 3, 2017 and, on the same date, filed a motion for the appointment of counsel (ECF No. 2), and a motion to stay the petition. (ECF No. 3.)

On April 17, 2017, the undersigned issued findings and recommendations to deny both motions. (ECF No. 9.) With regard to the motion to stay, the undersigned noted:

> Petitioner has asked to stay this case and hold it in abeyance to allow him to attempt to exhaust new claims. These claims have not been described, have yet to be presented to the state court for review, and are not yet included in his federal habeas petition.

(ECF No. 9 at 4.)

Petitioner responded to the findings and recommendations with several filings. On May 1, 2017, he filed objections to the findings and recommendations. (ECF No. 10.) On May 8, 2017, he filed a motion to amend the petition. (ECF No. 11.) On May 25, 2017, he filed a renewed motion to appoint counsel (ECF No. 12) and a renewed motion to stay (ECF No. 13). Also on May 25, 2017, he filed a first amended petition. (ECF No. 14.)

Based on the arguments and claims presented in Petitioner's objections, renewed motion to stay, and first amended petition, the Court will vacate its prior findings and recommendation.

I.   **Motion to Amend**

Habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Here, the petition has not been served on Respondent and no responsive pleading or motion has been filed. Petitioner does not require leave of court to amend. His first amended petition has been filed. The motion to amend therefore will be denied as moot.

**II.     Renewed Motion for Appointment of Counsel**

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. The Court finds that the interests of justice do not require the appointment of counsel in this case at the present time.

Accordingly, the Court will deny Petitioner's requests for appointment of counsel.

**III.    Renewed Motion to Stay**

**A.      Petitioner's Arguments**

In his renewed motion to stay (ECF No. 13), Petitioner explains the following.

The original petition contained three exhausted claims[1]: (1) the trial court erred in failing to suppress wiretap evidence; (2) the trial court imposed an illegal sentence in Count Eight for a serious felony gang enhancement because the involved crime was not a serious felony, and (3) the trial court erroneously sentenced him to concurrent sentences which should have been stayed.

Petitioner now seeks to incorporate two unexhausted claims in his petition: (1) trial counsel was ineffective in failing to disclose email evidence to Petitioner, and (2) appellate counsel was ineffective in failing to raise ineffective assistance of trial counsel regarding trial counsel's failure to suppress wiretap evidence, failure to object to the illegal sentence on Count 8, and failure to object to concurrent sentences. Petitioner also seeks to incorporate an additional exhausted claim. Although somewhat difficult to discern, Petitioner's said claim appears to contend that trial counsel was ineffective in failing to object to wiretap evidence at trial, despite the trial court having denied four pretrial motions regarding the illegality of the wiretap.

---

[1] Since Petitioner has not provided his state court submissions, the Court is unable to confirm the claims therein and, consequently, unable to determine whether they have been properly exhausted.

In his objections to the findings and recommendations, Petitioner articulates his unexhausted claims somewhat differently. (ECF No. 10.) He states that trial counsel was ineffective in failing to disclose email evidence to Petitioner or present this evidence to the jury. He also states that appellate counsel was ineffective in failing to raise this email issue on appeal. Petitioner states that these claims are presently pending before the sentencing court. He does not state when his petition was filed.

The first amended petition (ECF No. 14) presents the following claims: (1) the trial court erred in failing to suppress the wiretap evidence, (2) the trial court imposed an illegal sentence in Count 8, (3) the trial court erred in imposing concurrent sentences and in not staying the sentences, and (4) trial counsel was ineffective in failing to object to wiretap evidence at trial. Petitioner states that all of the grounds for relief presented in the petition have been presented to the highest state court having jurisdiction. (ECF No. 14 at 12.) However, he also states that two grounds have not been presented to the state's highest court: "ineffective assistance of counsel, on trial and appellate attorney." (Id.) No further detail is contained in the petition itself regarding the unexhausted claims. No reason is given for Petitioner's failure to exhaust. Petitioner states that he has a petition for writ of habeas corpus pending in the Tulare County Superior Court, No. VHC350093, which raises ineffective assistance of trial and appellate counsel. (Id.)

A review of the state court docket reflects that Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District on June 21, 2017. That petition remains pending.

**B.    Applicable Law**

A court may stay a petition and hold it in abeyance pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), or Rhines v. Weber, 544 U.S. 269 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Kelly and Rhines set out different procedures and requirements for imposing a stay.

Under Kelly, the petitioner amends his petition to delete any unexhausted claims. The court then stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims. Id. (citing Kelly, 315 F.3d at 1070-71.) Later, the petitioner amends his petition to add the newly-exhausted claims to the original petition. Id.

Under Rhines, a petitioner must meet three pre-conditions for a stay of a mixed petition: (1) a finding of good cause for petitioner's failure to exhaust all his claims before filing his habeas action; (2) a finding that the unexhausted claims are potentially meritorious; and (3) no indication that the petitioner engaged in intentionally dilatory tactics. Rhines, 544 U.S. at 278. If all three preconditions exist, the court should stay the habeas case and hold it in abeyance, leaving the mixed petition intact while the petitioner returns to state court to present his unexhausted claims.

**C.    Discussion**

The Court concludes Petitioner is entitled to a stay under Rhines for the reasons described below.

### i.    Good Cause

"The caselaw concerning what constitutes 'good cause' under Rhines has not been developed in great detail." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017) (citing Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014) ("There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust.")) The Supreme Court has addressed the meaning of good cause only once, stating in dicta that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" to excuse his failure to exhaust. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 278).

The Ninth Circuit has provided limited guidance. Under Ninth Circuit law, the "good cause" test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). However, a petitioner cannot

1  establish good cause simply by alleging that he was "under the impression" that his
2  claim was exhausted. Wooten v. Kirkland, 540 F.3d 1019 (9th Cir.2008). Ineffective
3  assistance of post-conviction counsel can constitute good cause for a Rhines stay. Blake
4  v. Baker, 745 F.3d 977, 983 (9th Cir. 2014). And, the Ninth Circuit has recently held that
5  a total absence of post-conviction counsel will constitute good cause. Dixon, 847 F.3d at
6  721.

7  Here, although Petitioner states in the petition that he was represented by post-
8  conviction counsel, documents attached to the petition reflect that he in fact was
9  unrepresented in his post-conviction proceedings. (See First Amended Petition, Exh. 3,
10 ECF No. 14 at 40-46.) Under the Ninth Circuit's recent decision in Dixon, this absence of
11 post-conviction counsel is sufficient to establish good cause for a Rhines stay. 847 F.3d
12 at 721.

### ii. Potentially Meritorious Claims

14 "A federal habeas petitioner must establish that at least one of his unexhausted
15 claims is not 'plainly meritless' in order to obtain a stay under Rhines." Dixon, 847 F.3d
16 at 722 (quoting Rhines, 544 U.S. at 277). A claim is "plainly meritless" only if "it is
17 perfectly clear that the petitioner has no hope of prevailing." Cassett v. Stewart, 406 F.3d
18 614, 624 (9th Cir. 2005). A petitioner satisfies this showing by presenting a "colorable"
19 claim. Dixon, 847 F.3d at 722; Lucas v. Davis, No. 15-cv-1224-GPC (WVG), 2017 WL
20 1807907, at *9 (S.D. Cal. May 5, 2017) (citing Dixon and utilizing the "'colorable claim'
21 standard to analyze whether a claim is 'plainly meritless.'").

22 As stated above, the nature of Petitioner's claims is somewhat unclear and the
23 Court does not have the pending state court petition before it. However, it appears that
24 Petitioner is attempting to exhaust the following claims: (1) trial counsel was ineffective in
25 failing to disclose email evidence to Petitioner and in failing to present this evidence to
26 the jury, and (2) appellate counsel was ineffective in failing to raise ineffective assistance
27 of trial counsel regarding trial counsel's failures with respect to the email evidence,
28

failure to suppress the wiretap evidence, failure to object to the illegal sentence on Count 8, failure to object to concurrent sentences.

At least one of Petitioner's intended claims is potentially meritorious: his claim that trial counsel failed to present favorable email evidence to the jury. According to Petitioner, counsel failed to present the jury with email evidence that "disproves" Petitioner's guilt. A failure by trial counsel to investigate and present mitigating evidence may constitute ineffective assistance of counsel. See Rompilla v. Beard, 545 U.S. 374, 392-93 (2005); Wiggins v. Smith, 539 U.S. 510, 522-23 (2003); Lord v. Wood, 184 F.3d 1083, 1093 (9th Cir.1999) ("A lawyer who fails to investigate, and to introduce into evidence, information that demonstrates his client's factual innocence, or that raises sufficient doubts as to that question to undermine confidence in the verdict, renders deficient performance.").

The Court acknowledges that Petitioner's description of this claim is bare and, in itself, insufficient to prove that trial counsel's conduct was, in fact, defective or prejudicial. See Strickland v. Washington, 466 U.S. 668, 700 (1984) (setting forth standard for ineffective assistance of trial counsel). However, at this stage of the proceedings, Petitioner is merely required to show that his claim is "colorable." See Cassett, 406 F.3d at 623-24. He has done so.

### iii. Intentionally Dilatory Tactics

Nothing before the Court suggests that Petitioner has engaged in intentionally dilatory tactics. Petitioner already has brought a habeas petition in the trial court regarding the issues he wishes to exhaust, and that petition apparently was resolved. His claims are now pending before the Fifth District Court of Appeal. It appears that Petitioner is presently exercising diligence in attempting to exhaust his claims.

### iv. Conclusion

Petitioner meets the requirements for a Rhines stay. The Court will recommended that the motions to stay the proceedings be granted and that the action be stayed until

thirty days following a final order of the California Supreme Court resolving Petitioner's unexhausted claims.

### IV. Conclusion, Order, and Recommendation

Based on the foregoing, it is HEREBY ORDERED that:

1. The findings and recommendation (ECF No. 9) issued April 17, 2017 are VACATED;
2. Petitioner's motion to amend (ECF No. 11) is DENIED as moot; and
3. Petitioner's motions for the appointment of counsel (ECF Nos. 2, 12) are DENIED.

Furthermore, it is HEREBY RECOMMENDED that Petitioner's motions to stay (ECF Nos. 3, 13) be GRANTED pursuant to Rhines v. Weber, 544 U.S. 269 (2005).

The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with the findings and recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: July 13, 2017           /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE