UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE DOMINGUEZ VALDEZ,<br><br>Petitioner,<br><br>v.<br><br>W.L. MUNIZ,<br><br>Respondent. | Case No. 1:17-cv-00304-AWI-MJS (HC)<br><br>ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS<br>(ECF NO. 15)<br><br>ORDER DENYING AS MOOT MOTIONS TO STAY (ECF NOS. 3, 13)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 17)<br><br>ORDER DENYING MOTION TO SUPPLEMENT (ECF NO. 18)<br><br>**THIRTY DAY DEADLINE TO FILE AMENDED PETITION** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. On July 14, 2017, the undersigned issued findings and recommendations to grant Petitioner's motions to stay the petition and hold it in abeyance pending his exhaustion of state court remedies. (ECF No. 15.) Those findings and recommendations remain pending.

However, on January 5, 2018, the Court took judicial notice of the docket on the California Supreme Court website, see Harris v. County of Orange, 682 F.3d 1126, 1132

(9th Cir. 2012), which indicated that Petitioner's state habeas petition was denied on December 20, 2017. (ECF No. 16) It appearing that Petitioner's claims had been exhausted and his motions to stay rendered moot, the undersigned ordered Petitioner to either withdraw his motions to stay or show cause why the motions should not be denied as moot. (Id.)

Petitioner did not respond directly to the order to show cause but instead filed a motion to appoint counsel (ECF No. 17), and a motion to supplement his petition (ECF No. 18). Therein, he states that his claims are now exhausted, and he seeks to more fully explain the newly exhausted grounds.

## I. Motions to Stay

In light of Petitioner's submissions, it is apparent that the motions to stay are moot and on that basis they will be denied.

## II. Motion to Appoint Counsel

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. The Court finds that the interests of justice do not require the appointment of counsel in this case at the present time.

Accordingly, Petitioner's request for appointment of counsel will be denied.

## III. Motion to Supplement

A habeas corpus petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Federal Rule of Civil Procedure 15 governs the amendment and supplementation of pleadings. Fed. R. Civ. P. 15. Rule 15(d) allows a party to "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be

supplemented." This rule is inapplicable here. While Petitioner's claims were not exhausted until after he filed his initial petition, the claims therein arose prior to the date of his pleading. Supplementation is not appropriate.

Instead, Petitioner must amend his petition if he desires to present new grounds for relief (or additional detail regarding those grounds). A party may amend the pleading once as a matter of right within 21 days after service of the pleading. Fed. R. Civ. P. 15(a)(1)(A). In all other cases, written consent by the opposing party or leave of court is required. Fed. R. Civ. P. 15(a)(2).

Here, Petitioner already has amended his pleading once. Accordingly, leave of court is required for further amendment. In light of Petitioner's recent state court exhaustion, the Court will permit Petitioner to amend to add the basis for his newly exhausted claims. However, an amended pleading supersedes the original pleading. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended petition must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. In other words, any amended petition must contain all of the claims Petitioner wishes to present, including those in his initial petition and those in his proposed supplemental petition. The current proposed supplement does not contain Petitioner's original claims and therefore cannot serve as an amended pleading without eliminating Petitioner's original claims.

Based on the foregoing, the motion to supplement will be denied. Petitioner will be permitted to file an amended petition within thirty days of the date of this order. The amended petition must be complete in itself in accordance with Federal Rule of Civil Procedure 15(a)(2) and Local Rule 220.

**IV.  Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. The findings and recommendations issued July 14, 2017 (ECF No. 15) are WITHDRAWN;

2. Petitioner's motions to stay (ECF Nos. 3, 13) are DENIED as moot;

3. Petitioner's motion for the appointment of counsel (ECF No. 17) is DENIED;

4. Petitioner's motion to supplement (ECF No. 18) is DENIED;

5. Petitioner may file a second amended petition within thirty (30) days of the date of this order; and

6. If Petitioner fails to file a second amended petition, the matter will proceed only on the claims as stated in the first amended petition.

IT IS SO ORDERED.

Dated: February 6, 2018 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE