1

2

3

4

5                        UNITED STATES DISTRICT COURT

6                        EASTERN DISTRICT OF CALIFORNIA

7

8    JOE DOMINGUEZ VALDEZ,                    Case No. 1:17-cv-00304-AWI-JDP

9              Petitioner,                    ORDER DENYING MOTION TO APPOINT
                                              COUNSEL
10         v.
                                              (Doc. No. 25)
11   W.L. MUNIZ,

12             Respondent.

13

14         Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus

15   pursuant to 28 U.S.C. § 2254. The court has denied four requests from petitioner for appointment

16   of counsel. (*See* Doc. Nos. 15, 19, 23.) On April 26, 2018, the court received the instant motion

17   in which petitioner again asks the court to appoint counsel. (Doc. No. 25.) In support of his most

18   recent request, petitioner claims that the assistance of counsel is necessary to protect his interests.

19   (*Id*.)

20         There currently exists no absolute right to counsel in habeas proceedings. *See Anderson v.*

21   *Heinze*, 258 F.2d 479, 481 (9th Cir. 1958) ("The Sixth Amendment has no application

22   here . . . ."). This court is authorized to appoint counsel for an indigent petitioner in a habeas

23   proceeding if it determines that the interests of justice require the assistance of counsel. *See*

24   *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A(a)(2)(B). However,

25   "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel

26   unless the circumstances of a particular case indicate that appointed counsel is necessary to

27   prevent due process violations." *Chaney v*. Lewis, 801 F.2d at 1196.

28

                                                1

Petitioner has now filed five requests for appointment of counsel, each essentially consisting of a form motion. (Doc. Nos. 2, 12, 17, 20, 25.) Petitioner has at no point stated a reason why the appointment of counsel is necessary to prevent a due process violation, and the court knows of no reason why the assistance of counsel would be necessary at this time. Accordingly, petitioner's motion for the appointment of counsel (Doc. No. 25) is denied without prejudice.

IT IS SO ORDERED.


Dated:   May 25, 2018                                    /s/ *Jeremy D. Peterson*
                                                        UNITED STATES MAGISTRATE JUDGE